# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UDOM,<br><br>                Petitioner,<br>  vs.<br>DEPARTMENT OF HOMELAND<br>SECURITY, Chief Counsel,<br><br>                Respondent. | CASE NO. 11CV2175 WQH (POR)<br><br>ORDER |

HAYES, Judge:

On August 23, 2011, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1). On October 24, 2011, Respondent filed a Return to the Petition. (ECF No. 9). On November 8, 2011, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. (ECF No. 13). On January 9, 2012, Respondent filed a Return to the First Amended Petition. (ECF No. 16).

**I.    Allegations of the First Amended Petition**

Petitioner is currently in the custody of the Department of Homeland Security. On February 2, 2011, he was arrested "for deportation proceedings." (ECF No. 13 at 4). Removal proceedings were initiated against Petitioner but the proceedings were eventually terminated by an immigration judge. On July 8, 2011, the Department of Homeland Security reopened the removal proceedings against Petitioner. The removal proceedings are ongoing.

---

[1] The Petition was originally filed in the United States District Court for the Central District of California and was transferred to this Court on September 19, 2011.

1   Petitioner asserts a claim for violation of 5 U.S.C. § 706 (2) and the Fourteenth
2   Amendment. Petitioner asserts that his deportation arrest was unlawful on the grounds that his
3   notice to appear did not state that he was a danger to the community and the aggregate
4   sentence for his deportable offenses is less than the amount required for deportation. Petitioner
5   asserts a claim for violation of the ex post facto clause on the grounds that the Department of
6   Homeland Security's current charge that Petitioner is a danger to the community unlawfully
7   expands the punishment for his underlying criminal offense. Petitioner requests an "abeyance
8   and withholding of judgment decision on [his claim pursuant to 8 U.S.C. § 1447(b)] until
9   Petitioner is released ... to adjudicate Petitioner's 1990 application or U.S. citizenship." *Id*. at
10  7. Petitioner requests that the court "order [the Department of Homeland Security] to answer
11  why and what made the 1990 application incomplete ...." *Id.*

## II. Discussion

13  Respondent contends that the Court is precluded from considering Petitioner's challenge
14  to the removal proceeding because Petitioner has not exhausted his administrative remedies.
15  Respondent contends that there is no legal basis to stay the removal proceeding to allow
16  Petitioner to apply for naturalization. Respondent contends that the petition should be denied
17  as a successive petition under the abuse of writ doctrine. Respondent contends that the First
18  Amended Petition fails to state a claim.

19  Petitioner contends "[a] prudential consideration will lie only if [the Department of
20  Homeland Security] removal proceeding is properly filed." (ECF No. 18 at 2). Petitioner
21  contends that "[i]n this case, [the Department of Homeland Security] filing in immigration
22  court is not proper, instead it is unconstitutional [resulting in his] an unlawful arrest and
23  detention." *Id*. at 3.

24  "[S]ection [2241] does not specifically require petitioners to exhaust direct appeals
25  before filing petitions for habeas corpus." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th
26  Cir. 2001) (citations omitted) (abrogated on other grounds by *Fernandez-Vargas v. Gonzales*,
27  548 U.S. 30 (2006)). However, the Court of Appeals for the Ninth Circuit "require[s], as a
28  prudential matter, that habeas petitioners exhaust available ... administrative remedies before

seeking relief under § 2241." *Castro-Cortez*, 239 F.3d at 1047; *see also Singh v. Napolitano*, 649 F.3d 899, 902 (9th Cir. 2011) ("The prudential exhaustion doctrine is well established...."); *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 543 (9th Cir. 2004) (holding that the district court correctly dismissed a petition for failure to exhaust judicial remedies); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (holding that a petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition) (citation omitted); *cf. Ramirez v. Norwood*, Case No. CV 07-3851-JVS (RNB), 2009 WL 2949747 at *2 (C.D. Cal. Sept. 14, 2009) ("A challenge to the execution of a sentence [including matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions] – in contrast to the imposition of a sentence – is properly filed pursuant to § 2241.") (citing *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

The exhaustion requirement addresses the following prudential concerns: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *El Rescate Legal Services, Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991).

In this case, Petitioner challenges his removal proceedings but the removal proceedings are ongoing. Accordingly, Petitioner has failed to exhaust his administrative remedies. The Court finds that the prudential exhaustion doctrine applies to Petitioner's case. The First Amended Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

### III. Conclusion

IT IS HEREBY ORDERED that the First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 13) is DISMISSED without prejudice.

DATED: February 8, 2012

**WILLIAM Q. HAYES**
United States District Judge