# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UDOM, | CASE NO. 11CV2175 WQH (POR) |
| Petitioner, | ORDER |
| vs. | |
| DEPARTMENT OF HOMELAND SECURITY, Chief Counsel, | |
| Respondent. | |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis on Appeal (ECF No. 22), the Motion to Appoint Counsel on Appeal (ECF No. 23), and the Motion to Extend/Reopen Time to File Appeal (ECF No. 24).

## I.   Background

On August 23, 2011, Petitioner, proceeding pro se and in forma pauperis, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On November 8, 2011, Petitioner filed a First Amended Petition for Writ of Habeas Corpus challenging his ongoing removal proceedings. (ECF No. 13). On February 8, 2012, the First Amended Petition for Writ of Habeas Corpus was dismissed without prejudice for failed to exhaust administrative remedies. (ECF No. 19). On February 8, 2012, the Clerk of the Court entered judgment. (ECF No. 20).

On February 17, 2012, Petitioner filed a Notice of Appeal. (ECF 21). On that same day, Petitioner filed a Motion for Leave to Proceed in Forma Pauperis on Appeal (ECF No.

22), a Motion to Appoint Counsel on Appeal (ECF No. 23), and a Motion to Extend/Reopen Time to File Appeal (ECF No. 24).

## II.     Motion for Leave to Proceed in Forma Pauperis on Appeal

Federal Rule of Appellate Procedure 24 provides: "A party who was permitted to proceed in forma pauperis in the district-court action ... may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis...." Fed. R. App. P. 24(a)(3). Petitioner was permitted to proceed in forma pauperis in this Court. The Court has not certified that the appeal is not taken in good faith and the Court has not found that Petitioner is not otherwise entitled to proceed in forma pauperis. Accordingly, Petitioner may proceed on appeal in forma pauperis without further authorization. The Motion for Leave to Proceed in Forma Pauperis on Appeal (ECF No. 22) is DENIED as moot.

## III.    Motion to Appoint Counsel on Appeal

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 ...." A petitioner seeking habeas corpus relief is "not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). "[T]he district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wright v. Director of Corrections*, 443 F. App'x 289, *3 (9th Cir. 2011) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); see also *Ambachew v. Ashcroft*, Case No. 1:05-CV00677OWWTAGHC, 2005 WL 1398514 at *4 (E.D. Cal. June 10, 2005) ("Petitioner has not filed a habeas petition invoking the jurisdiction of this

1 Court; therefore, the Court finds that no such appointment of counsel is warranted at this
2 time.").

3     In this case, the First Amended Petition for Writ of Habeas Corpus was dismissed
4 without prejudice because Petitioner failed to exhaust his administrative remedies. (ECF No.
5 19). The Court finds that Petitioner is not likely to succeed on the merits. Appointment of
6 counsel by this Court is not warranted at this time. The Motion to Appoint Counsel on Appeal
7 (ECF No. 23) is DENIED without prejudice to Petitioner seeking appointment of counsel from
8 the Court of Appeals for the Ninth Circuit.

9 **IV.    Motion to Extend/Reopen Time to File Appeal**

10     Federal Rule of Appellate Procedure 4 provides that in a case in which one of the
11 parties in a United States agency, the "notice of appeal may be filed by any party within 60
12 days after entry of the judgment." Fed. R. App. P. 4(a)(1)(B). Petitioner filed his Notice of
13 Appeal 11 days after judgment was entered, within the time prescribed by Federal Rule of
14 Appellate Procedure 4. Accordingly, Petitioner timely filed the Notice of Appeal. The Motion
15 to Extend/Reopen Time to File Appeal (ECF No. 24) is DENIED as moot.

16 **V.    Conclusion**

17     IT IS HEREBY ORDERED that the Motion to Appoint Counsel on Appeal (ECF No.
18 23) is DENIED without prejudice to Petitioner seeking appointment of counsel from the Court
19 of Appeals for the Ninth Circuit. The Motion for Leave to Proceed in Forma Pauperis on
20 Appeal (ECF No. 22) and the Motion to Extend/Reopen Time to File Appeal (ECF No. 24) are
21 DENIED as moot.

22 DATED: March 1, 2012

23                                                       **WILLIAM Q. HAYES**
24                                                       United States District Judge

25
26
27
28